Mathews, J.
delivered the opinion of the Court.* Suit was brought in the Court below b/ the appellant, on a bill of exchange drawn by the appellee in his favor, on F. & H. Amelung, which was accepted by them, payable at the Bank, of the U. S. in Philadelphia ; and was afterwards protested»for non payment. The insufficiency of the protest and want of regularity in the notice to the drawer as required by kiw, have . been insisted on' by his counsel, before this Court, as exonerating him from any obligation to pay the bill. It does *641 not appear, from: the record of the proceedings in the District Court, that any opposition on these grounds, was there made toLudeling’s liability on. the bill of exchange and from the evidence in the case, which we are compelled to examine and weigh in order to ascertain the facts (no statement having been made in pursuance of the act of the legislature) it is our opinion that in respect to these things, due diligence has been observed by Krumbhaar the holder and payee of the bill, and consequently the drawer cannot on this account be exonerated.
East. District.
June 1815.
During the progress of the suit in the Court below, the parties, in conformity with the statute regulating the practice of our courts, have, on various occasions, resorted by interrogatories to each other for evidence, and the opinion of the District Judge, to regulate their answers, has in several instances been required, and when given, as often excepted to by the counsel in the cause. Although we do not consider these opinions and exceptions to be very important, in the decision of the case, ' yet it may be proper briefly .to observe that, in our opinión, the Judge has not erred in them.
At the trial of this óause, several questions of law were made and offered by the counsel of the appellee, requiring the opinion of the District *642 which comprise the legal merits of this case. 1st. Whether a person, acting in the avowed character of agent, is liable personally ? 2d. Can it be proved by parol or other evidence that the defendant (here the appellee) signed the bill of exchange as agent, when the agency does not appear on the bill; but the plaintiff had knowledge of his being such ? 3d. There being a variance between the bill as stated in the petition and the bill produced in evidence, (viz.) the former being for value received and the latter for value as advised ; is not the variance fatal ?
I. The first of these questions involves no difficulty ; and has been properly solved bv the Court below., “ A person acting avowedly as agent, is not liable personally” for any act legally done in his capacity as such.
II. Tó decide on the second question it becomes necessary to enquire a little into the nature of contracts originating in bills of exchange (as laid down by the law merchant) ■ which is said to be “a system of equity founded on the rules of equity ; and governed in all its parts by plain justice, and good faith.” A bill of exchange forms a writ-., ten contract, carrying with it evidence of the consideration on which it is founded and it is scarcely ever necessary, that a plaintiff in an action on it should prove that he gave a consideration; and ⅛ *643 no case is it open for the defendant to prove that he received no consideration, unless in an action, brought against him by the person, with whom he was immediately concerned in the negociation of the instrument. Thus between the drawer and acceptor, and the drawer and the payee, the want of consideration may be questioned.
A bill of exchange, forming a written contract between the drawer and payee, which creates an obligation on the former, to pay the anjount, provided the latter uses legal diligence to obtain payment from the person on whom it is drawn; and fails to get it, according to a general rule of evidence, no parol testimony can be admitted to prove any contract different, from that made by the bill itself* But this rule does not preclude enquiry into the consideration, as in the present case, between the drawer and payee.
The attempt of Ludeling to shew that he acted merely as agent for the Amelungs, in drawing the bill on which this suit is commenced, can be 7 considered properly m no other light, than an offer of evidence to shew a want of consideration, in the written agreement, and that for this reason he is not bound to fulfil any obligation, which might otherwise have resulted from it. There is no doubt of the personal liability of the ^drawer of a bill of exchange who signs it without expressing his agency, when it passes into the hands of third persons, having no knowledge of the circumstan *644 ces under which it was drawn : arid between whom and the dráwer, the law 'will not allow the consideration to be enquired into. Tae appellee having signed, without expressing for whom he signs, is clearly liable on the face of it. But he is at liberty to shew a want of consideration, and any circumstances of fraud or violation of good faith on the part of the appellant, which may be sufficient to exonerate him from this apparent J¡ability ; the suit against him, being brought by, a person “ with whom he was immediately concerned in the negociation of the instrument.”
If then Ludeling shews that he was a mere agent for the Amelungs throughout the whole of this transaction, and that within the knowledge of Krumbhaar, the bill is not binding on him, because he is not a party to the contract and as it relates to him it is without consideration ; and the attempt, on the part of the appellee to enforce it, is a violation of that evident justice and good faith, which ought to direct and govern in all contracts.
III. As to the third question, it may be observed that the bill of exchange making a part of the plaintiff’s petition, we are of opinion that the Judge of the District Court didi not err in admitting it in evidence, as the admission of it does not violate the rule, which requires that the allegata & probata must agree.
Ellery and Smith for the plaintiff, Duncan, Livingston and Robinson, for the defendant.
-Authorities cited Chitty 87, Lex Merc 620, 1 tíos. Es? Pul. 652. Walwing vs. St. Quintín, 2, 71 R 718, Rogers vs. Stephens \ Caines 157. '~~Haffmanvs. Smith, 7 Mass. T. R. 452, Wirden vs. Tucker 1. Pothier 146, 157, 1 71 R. 408, Buckerdike vs. Bollman. Max. Pock. Diet. 27, 102, 103, Chitty 27. Comyns on Contracts 252, 253. 5 East. 148 Appleton vs. Bisks, Comyn's Dig. verbo Attorney C. 19. 1 East. 434, 2 Id. \ 142 3 Esp. Rep. 266. 1 Pothier on Obligations 55, 2 Dallas 223, Peake's Ev. (Am. ed.J 165.
IV. To the only question, now remaining in the cause, which is one of fact, the verdict of the jury answers so correctly that we deem it unnecessary to go into pny analysis of the testimony, as the general tenor of the evidence completely supports it : for it cannot be doubted that Ludeling acted solely as agent in drawing the bill.
It is, therefore, ordered, adjudged and decreed ‘that the judgment of the District Court be affirmed with costs.

Martin, J. did not join in this opinion, having been of counsel in the cause.